By the Court.
Defendant in error, Victor Kleinhoffer, as humane officer of Muskingum county, rendered services in serving warrants to arrest and subpenas for witnesses, etc., in a num *164 ber of cases prosecuted before justices of the peace by the humane society under the humane law. The costs in these cases, including fees for the services rendered by the humane officer, were certified to the county auditor under the provisions of Section 13439, General Code, and upon an allowance by the county commissioners the sum of $176.79, being the aggregate amount of the fees certified as due the humane officer, was paid to him out of the county treasury. The state bureau of inspection and supervision of public offices found that this money had been illegally paid, and thereupon this proceeding was brought in the court of common pleas of Muskingum county under Section 11472, General Code. The matter was submitted to the court upon an agreed statement of facts embodied in the petition, signed by both parties, the controversy being as to the legality of the payment made to the humane officer. The court of common pleas held that the payment was legal and was authorized by law, and rendered judgment for defendant in error for costs. This judgment was affirmed by the court of appeals.
Sections 10062 to 10084, General Code, relate to humane societies and the powers and duties of their officers and agents. These societies are authorized to appoint agents and upon the approval of the appointments, under the provisions of Section 10072, they are paid a salary and are authorized to arrest and prosecute persons found violating any law for the protection of persons or animals or prevention of cruelty thereto, and upon making an arrest in such cases the agent is *165 authorized to convey the person so arrested before a court or magistrate having jurisdiction of the offense and there make complaint.
The question under consideration here involves a construction of the following sections of the General Code:
“Sec. 10075. A member of such society may require the sheriff of any county, the constable of any township, the marshal or policeman of any city or village, or the agent of such society, to arrest any person found violating the laws in relation to cruelty to persons or animals, and to take possession of an animal cruelly treated, in their respective counties, cities, or villages, and deliver it to the proper officers of the society.
“Sec. 10076. For this service and for all services rendered in carrying out the provisions of this chapter, such officers, and the officers and agents of the association, shall be allowed and paid such fees as they are allowed for like services in other cases, which must be charged as costs, and reimbursed to the society by the person convicted.”
The latter section is the only one which mentions the subject of fees to be allowed and paid officers and agents of humane societies. The language used is, “and the officers and agents of the association,” referring to the humane society, “shall be allowed and paid such fees as they are allowed for like services in other cases.” That is, humane officers are allowed such fees as they are allowed for like services in other cases — not those which are allowed the other officers mentioned in the statute. It is necessary to ascertain what fees, *166 if any, are allowed humane officers in like cases. An examination of the statutes will disclose that no provision is made for fees to be paid to the humane officer in any other case. And again, if the pronoun “they,” as used in Section 10076, could be held to refer to officers other than humane officers — for example, to a sheriff or constable— it would be impossible to determine to which it does refer. And it is important and necessary that this be known, for the fees of a sheriff and those of a constable as fixed by Sections 2845.and 3347, respectively, are different.
It is well settled that the compensation of a public officer must be fixed by statute. The legislature has failed to provide for fees for. services rendered by a humane officer and it is not the province of the court to make laws. We conclude, then, that as there is no statutory provision for the allowance of fees in the case under consideration, the payment made by the county was unauthorized. The judgment of the court of appeals is therefore reversed and judgment is here rendered for plaintiff in error in the amount in which it is agreed that judgment may be rendered if the payment is found to have been illegal. '
Judgment of court of appeals reversed, and judgment for plaintiff in error.
Nici-iols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.